

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable James M. Simpson, Sr.
County Attorney
Concho County
Eden, Texas

Dear Sir:

Opinion No. 5303

Re: When the county judge of Concho County employs an assistant, is that assistant to be paid out of the fees of office, as provided in Article 3899, Vernon's Annotated Civil Statutes or may such assistant be paid out of the general fund of the county?

Your letter of May 13, 1943, requesting the opinion of this department on the above stated question reads in part as follows:

"Herewith attached you will find a letter written by Judge O. Y. Lee, County Judge of Concho County, Texas, addressed to the writer together with a letter which the County Judge has written and which the writer has likewise signed.

"Article 3902, 1925 Revised Civil Statutes deals with the appointment of assistants or clerks for officials and states that the application to the Commissioners' Court 'shall be accompanied by a statement showing the probable receipts from fees, etc.' Article same statutes 1934 a-7 deals with Counties having certain populations were by special actions of the legislature stenographers and assistants have been authorized for County Judges in numerous instances. The population of Concho County, according to the 1940 Federal Census, was 6792.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

"Now the question, as submitted for an answer is:

"Where a County Judge, as in the case of Concho County, employs an assistant, is that assistant to be paid out of the fees of his office, as is provided in Article 3902, or may such assistant be paid out of the general funds of the county? It is understood that in either event that the Commissioners' Court of the County is to authorize the appointment of such assistant, but the selection of the person is left within the decision of the County Judge.

". . . ."

The letter of the County Judge addressed to you which is mentioned in your letter and attached thereto is in part as follows:

"At the meeting of the Commissioner's Court yesterday there was raised the question as to the Commissioners Court having the legal authority to make payment out of County funds for assistance in the County Judges Office.

"The County Commissioners at this time is paying the amount of $10.00 per month for assistance to the County Judge. When these arrangements were made, Mrs. Hugh Bishop, was assistant to the County Agent, and had her desk in the County Agents office, and the court was paying her the sum of $10.00 per month to stay in the County Judges Office when the Judge was away. Later after a Home Demonstration Agent was employed the County Agents room was so small that the three desks crowded the room and the assistant asked to move her desk into the County Judges Office. Which request was granted.

"Payments are made to Mrs. Bishop for her work as follows:

"By A.&M. College, for assistance to Co. Agent                                    $15.00
"By Concho, County for assistance to Co. Agent                                    15.00

"By Concho, County for assistance
in Co. Judge                                                   10.00
    "By the County Judge.                                       5.00
    "By The County School Board for
Assistance to Ex-Officio Superintendent   15.00
    "By County Clerk, for work for him,    15.00
                              Total,       $75.00

"The Court requested me to write to the Attorney General and ask for an opinion as to whether or not it had the right to make the ten dollar monthly payment for assistance to the County Judge. I think however that it would be better for you to request the opinion than it would be for me to do so.

". . . ."

Concho County has a population of 6,792 inhabitants according to the 1940 Federal census and the county officials of said county are compensated on a fee basis.

This department held in opinion No. O-2242:

"The county judge of Carson County is without statutory authority to employ a stenographer and pay her salary as an authorized expense of his office out of his fees of office.

". . . it is the opinion of this department that when the county judge of Carson County, Texas, complies with Article 3902, Vernon's Annotated Texas Civil Statutes, a clerk may be appointed for the county judge and when the county judge complies with Section (a) of Article 3899, Vernon's Annotated Texas Civil Statutes, he may pay said clerk out of his fees of office as an authorized expense of office. The county would not be authorized to expend any county funds whatsoever for the payment of the salary of the county judge's clerk in your county."

Article 3899, Vernon's Annotated Civil Statutes provides in part:

". . . The amount of such expenses, together with the amount of salaries paid to assistants,

deputies, and clerks, shall be paid out of the
fees earned by such officer. . . ."

In view of opinion No. 2242 and Article 3899, Vernon's Annotated Civil Statutes, you are advised that it is our opinion that when the County Judge of Concho County complies with Article 3902, Vernon's Annotated Civil Statutes, a clerk may be appointed for the County Judge and when the County Judge complies with section (a) of Article 3899, Vernon's Annotated Civil Statutes, he may pay said clerk out of his fees of office as an authorized expense of office. The county would not be authorized to expend any county funds whatsoever for the payment of the salary of the County Judge's clerk in Concho County.

It is noted that you state in effect that the County Judge of Concho County has employed an assistant. For the purposes of this opinion we assume that such assistant is not a deputy or an assistant county judge but merely a clerk of the County Judge performing certain clerical duties. Such a clerk would have no judicial power or authority. In connection with the foregoing statement we direct your attention to our opinion No. O-3743.

We enclose herewith copies of opinions Nos. O-3743 and O-2242.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _Ardell Williams_

Ardell Williams
Assistant

AW:mp
Encls.

APPROVED MAY 21, 1943

_Gerald C. Mann_

ATTORNEY GENERAL OF TEXAS



APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN